IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF ILLINOIS,<br><br>Plaintiff,<br><br>vs.<br><br>RYAN SUNDERMANN, MARC NEFF, BRENDA NEFF, and MADYSON NEFF,<br><br>Defendants. | Case No. 07-0815-CV-W-ODS |

## ORDER AND OPINION GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pending is Plaintiff's Motion for Summary Judgment. Defendants have not responded, agreeing the matter can be decided as a matter of law. After independently reviewing the record and the law, the Court grants the motion.

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See generally Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Get Away Club, Inc. v. Coleman, 969 F.2d 664 (8th Cir. 1992). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but . . . by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In March 2007, Ryan Sundermann was involved in an automobile accident with a vehicle operated by Brenda Neff. Abrielle Neff and Madyson Neff (minor children of Brenda and Marc Neff) were passengers in Brenda's[1] vehicle; Abrielle was killed and Madyson was injured. Brenda, Madyson, and Marc filed suit against Ryan in state court. Ryan sought defense and indemnity from Plaintiff based on polices issued to his brother (Jason Sundermann), to his parents (David and Carol Sundermann), and to his father (David). Plaintiff believed that coverage did not exist, but provided a defense under a reservation of rights. To that end, Plaintiff provided an attorney to represent Ryan, but he rejected the defense and terminated that lawyer's representation.

Thereafter, the Neffs and Ryan entered an agreement pursuant to section 537.065 of the Revised Missouri Statutes, which limited the Neffs' recovery to the proceeds from the policies Plaintiff had issued. The state court entered a total judgment for the Neffs in the amount of $3.85 million.

Jason lived in Gordon, Nebraska when the policy was issued to him, and he passed away on November 5, 2006. Ryan never lived with Jason in Nebraska. David and Carol lived in Westboro, Missouri, while Plaintiff lived in Maryville, Missouri – approximately thirty-five miles away. The truck Ryan was driving at the time of the accident had been jointly owned by Jason and David.

Ryan is not an insured under Jason's policy. Notably, he does not qualify as a "family member" because he did not reside in Jason's household. One could also be insured if they drove the vehicle with the policyholder's permission, but Ryan did not have Jason's permission to drive the truck in March 2007. Finally, and most importantly, Jason's policy did not provide coverage after Jason's death in November 2006.

Ryan also was not a member of his parents' household, so he is not an insured under the policies issued to David and Carol. The truck was not listed on either policy as an insured vehicle. Ryan was originally listed as a driver on one or both policies, but

---

[1] First names are used to avoid confusion.

was removed in November 2006 at David's request because Ryan no longer lived in the home.

The Court concludes Plaintiff did not owe Ryan Sundermann a defense or indemnity because neither he nor the vehicle was insured under any policy in effect on the date of the accident. In light of this holding, and because the issue of coverage was at least debatable, the Court also concludes Defendants cannot maintain a bad-faith claim. E.g., ARP v. AON/Combined Ins. Co., 300 F.3d 913, 916-17 (8th Cir. 2002).

IT IS SO ORDERED.

DATE: July 15, 2009

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

3